## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **ZINAN YANG,**<br>9297 Wood Violet Court<br>Fairfax, VA 22031<br><br>        Plaintiff,<br><br><br>            v.<br><br><br>**UNITED STATES CITIZENSHIP AND**<br>**IMMIGRATION SERVICES,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>**CONNIE NOLAN, ASSOCIATE**<br>**DIRECTOR, USCIS SERVICE CENTER**<br>**OPERATIONS DIRECTORATE,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>**UR M. JADDOU, DIRECTOR OF**<br>**UNITED STATES CITIZENSHIP AND**<br>**IMMIGRATION SERVICES,**<br>Mail Stop, 5900 Capital Gateway Dr. #2040,<br>Camp Springs, MD 20746<br><br>        Defendants. | Case No.:  1:24-cv-666 |

## PETITION FOR WRIT OF MANDAMUS AND
## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Zinan Yang states as follows in support of this Petition for Writ of

Mandamus and Complaint for Injunctive relief:

## JURISDICTION AND VENUE

1.        This Court has subject matter jurisdiction over this matter under 28 U.S.C. §

1331 (federal question jurisdiction), because this matter arises under the laws of the United

States, particularly the Immigration and Nationality Act ("INA") and related agency regulations;

the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*; and the Mandamus Act, 28 U.S.C. § 1361.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to these claims occurred in the Eastern District of Virginia.

## PARTIES

3. Plaintiff, Mr. Zinan Yang, is a citizen of China. Plaintiff is the beneficiary of three approved H-1B petitions filed by a global telecommunications company on his behalf. The most recently approved H-1B petition was assigned receipt number IOE8664224982.

4. Defendant United States Citizenship and Immigration Services ("USCIS") is the agency within the Department of Homeland Security that is responsible for adjudicating H-1B petitions and issuing notices of intent to revoke petitions.

5. Defendant Connie Nolan is sued in her official capacity as Associate Director, USCIS Service Center Operations Directorate. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits at Service Centers.

6. Defendant Ur M. Jaddou is sued in her official capacity as the Director of USCIS. In that capacity, she is responsible for ensuring the timely and proper adjudication of H-1B petitions and the timely issuance of notices to intent to revoke petitions.

## STATUTORY AND REGULATORY BACKGROUND

7. The Immigration and National Act authorizes U.S. companies to petition for H-1B nonimmigrant status on behalf of qualified foreign workers whom they seek to employ in specialty occupations. 8 U.S.C. §1101(a)(15)(H)(i)(b). Petitioners must file H-1B petitions with USCIS.

8.    Upon approval of an H-1B petition, the beneficiary of the petition may apply for issuance of an H-1B visa by the U.S. Department of State at an embassy or consulate abroad. 8 U.S.C. §§1201, 1202.

9.    The Foreign Affairs Manual (FAM) and associated Handbooks (FAHs) are the authoritative source for the U.S. Department of State's organization structures, policies, and procedures that govern the operations of the State Department, the Foreign Service, and, when applicable, other federal agencies.[1] The FAM and the FAHs together convey codified information to Department of State staff and contractors so they can carry out their responsibilities in accordance with statutory, executive, and Department of State mandates.[2]

10.    Under 9 FAM 601.13-1, a USCIS-approved petition is "prima facie evidence that the requirements for the visa classification have been met." Thus, an approved H-1B petition is prima facie evidence that USCIS has deemed the beneficiary eligible for H-1B status based on the company's sponsorship, absent any inadmissibility issues.

11.    After the beneficiary attends a consular visa interview, INA section 221(g) of the INA grants consular officers the authority to refuse visa issuance if;

> (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law,
>
> (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or
>
> (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa.

8 U.S.C. § 1201(g).

---

[1] https://fam.state.gov/ (last accessed April 18, 2024).

[2] *Id.*

12.        When a consular officer refuses visa issuance under INA section 221(g), 9 FAM 402.10-10(B) governs the procedure for next steps and the referral of the underlying petition to USCIS for reconsideration and revocation:

> (1) If you know or have reason to believe an applicant applying for a visa under INA 101(a)(15)(H) is not entitled to the classification as approved in the individual petition, you must refuse the case under INA 221(g) and explain to the applicant that you intend to return the petition to USCIS for reconsideration, providing an explanation of the relevant facts to the extent possible.
>
> (2)  Then, submit a Form DS-3099, NIV Petition Revocation Request Cover Sheet along with the petition, all pertinent documentation, and a written memorandum of the evidence in Microsoft Word format to the Kentucky Consular Center (KCC) using the email address KCCI129Revocations@state.gov.
>
> (3) The KCC will **forward the request to the approving USCIS Service Center.**

 (emphasis added).

13.        Pursuant to INA section 205(d), USCIS "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved."  8 U.S.C. § 1155; *see also* 1 USCIS-PM, Pt. E, Ch. 10, ¶D, https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-10 (last accessed April 18, 2024).

14.        Specific nonimmigrant benefits and their revocation or revalidation by USCIS are regulated in the INA section governing the particular benefit and are supplemented by 8 C.F.R. § 214.2(h)(11).

15.        Under 8 C.F.R. § 214.2(h)(11)(ii), immediate and automatic revocation is warranted in three circumstances: if the petitioner goes out of business; if the petitioner files a written withdrawal of the petition; or if the Department of Labor revokes the labor certification upon which the petition is based.

16.        Under 8 C.F.R. § 214.2(h)(11)(iii), USCIS shall send the petitioner a

notice of intent to revoke the petition in relevant part if he or she finds that:

>   (1) The beneficiary is no longer employed by the petitioner in the capacity specified in the petition, or if the beneficiary is no longer receiving training as specified in the petition; or

>   (2) The statement of facts contained in the petition, H-1B registration (if applicable), the application for a temporary labor certification, or the labor condition application, was not true and correct, inaccurate, fraudulent, or misrepresented a material fact, including if the attestations on the registration are determined to be false; or

>   (3) The petitioner violated terms and conditions of the approved petition; or

>   (4) The petitioner violated H-1B requirements under INA section 101(a)(15)(H); or

>   (5) The approval of the petition involved gross error; or

>   (6) The H-1B cap-subject petition was not based on a valid registration submitted by the petitioner (or its designated representative), or a successor in interest, for the beneficiary named or identified in the petition.

17.        Therefore, upon receipt of a returned H-1B petition, USCIS must take one

of three adjudicatory actions: (1) reaffirm its prior approval of the H-1B petition; (2)

automatically revoke the H-1B petition; or (3) issue a notice of intent to revoke the H-1B petition

based on information in the consular return memorandum. 8 C.F.R. § 214.2(h)(11).

### FACTS

18.        In December 2014, Plaintiff graduated with a Master of Science in

Computer Science from The George Washington University in Washington, D.C.

19.        On November 30, 2015, Plaintiff began employment with a global

telecommunications company as an Assistant IDC Shift Engineer in Herndon, Virginia, pursuant

to a grant of Optional Practical Training (OPT) in F-1 nonimmigrant status, the classification reserved for international students.

20.       In 2017, Plaintiff's employer petitioned to change his status from F-1 to H-1B status, the classification for certain specialty occupation workers. The H-1B change of status petition was assigned case number EAC1713552202 and approved by the USCIS Vermont Service Center for the validity period of October 1, 2017, to August 31, 2020.

21.       Based on Plaintiff's strong work performance, his employer promoted him to Network Engineer in October 2017 and to Network Engineer, Technical Sales in January 2019.

22.       In 2020, Plaintiff's employer petitioned to extend his H-1B status. The H-1B extension petition was assigned case number EAC2025752347 and was approved for the period of September 1, 2020, to August 31, 2023.

23.       On March 20, 2023, Plaintiff's employer again petitioned to extend his H-1B status. The H-1B extension petition was assigned case number IOE8664224982. The H-1B petition was approved on April 17, 2023, for the period of April 1, 2023 to January 6, 2025.

24.       On July 20, 2023, Plaintiff traveled to Beijing, China, to attend a family reunion and visit his 90-year-old grandmother.

25.       Because Plaintiff's previous H-1B visa stamp within his passport was no longer valid, he scheduled an interview to renew his H-1B visa at the U.S. Embassy in Beijing based on his employer's most recently approved petition on his behalf.

26.       On August 1, 2023, Plaintiff attended the consular interview. After the interview, he received a letter stating

> Your application has been refused under Section 221(g) of the Immigration and Nationality Act of 1952. Please be advised that for U.S. visa purposes, including ESTA (https://esta.cbp.dhs.gov/esta/),

this decision constitutes a denial of a visa. This refusal may be overcome without filing another visa application once you present the required additional evidence. ALL MATERIALS MUST BE IN ENGLISH. Additional processing may take four weeks or longer.

The letter requested the following documentation from Plaintiff:

- Detailed resume or CV, including a list of publications; Detailed description of your job/company/equipment for purchase, including end uses and users;
- Complete itinerary, including all meetings, conferences, and visits; include names, addresses, and telephone numbers of your hosts;
- Invitation letter(s) from business, conference, or school, including abstract of paper (if applicable);
- OTHER: One PDF.

Plaintiff responded with the requested materials on the same day.

27.     On August 24, 2023, Plaintiff followed up with the embassy via email.

The same day, the Consular Information Unit of the embassy responded:

The criteria and procedure for such cases is the same worldwide; the Embassy does not have the discretion to exempt individual applicants. You can check your visa application status online at: https://ceac.state.gov/CEACStatTracker/Status.aspx[.] The vast majority of applicants whose cases are submitted for additional processing receive visas within 6-7 weeks. But it may vary from individual to individual. We understand if this timeline does not meet your requirements, but unfortunately the speed of this worldwide process is beyond the control of the Embassy. We will notify you as soon as processing is complete and we can conclude your case. We hope this information is helpful.

28.     On September 5, 2023, Plaintiff followed up with the embassy via email.

The same day, the embassy responded, in relevant part:

Consular officers strive to facilitate travel to the United States for all qualified travelers. Consular officers are also obliged to evaluate objectively the facts and circumstances surrounding each visa application and to determine whether the applicant has met the burden of proof required by law for issuance of a nonimmigrant visa. In your case, your application is undergoing additional administrative processing. This processing cannot be waived, and

the final decision on visa issuance can only take place after this process is completed. Processing times may vary from individual to individual, so we ask applicants to retain some flexibility in their travel plans. We will contact you as soon as the processing is complete.

29.     On September 18, 2023, Plaintiff followed up with the embassy via email. The same day, the embassy responded:

According to our records, your visa application was refused under section 221(g) of the Immigration and Nationality Act and is undergoing administrative processing. This processing cannot be waived and is generally completed within **180 days** from the time of the interview, but in some cases can take longer. The criteria and procedure for such cases is the same worldwide; the Embassy does not have the discretion to exempt individual applicants.

30.     Plaintiff also requested assistance from the United State Representative for the 11th District of Virginia, Gerry Connolly, who contacted the embassy via email. On September 18, 2023, Congressman Connolly received a similar response:

According to our records, Zinan Yang's visa application has been refused under Section 221(g) of the Immigration and Nationality Act while the application is undergoing additional administrative processing. This processing cannot be waived and is generally completed within 180 days from the time of the interview, but in some cases can take longer. We assure you that we are actively working on this case as quickly as possible, and we will continue to process it diligently. We appreciate your patience.

31.     On October 11, 2023, Plaintiff received email from the embassy's Non-Immigrant Visa Unit stating the following: "Please be advised that your H visa petition is currently under review and has been **recommended for revocation**." (emphasis added).

32.     On November 8, 2023, Congressman Connolly received the following update from the embassy:

A review of our records found that Zinan Yang was refused a nonimmigrant visa under Section 221(g) of the Immigration and Nationality Act (INA) of 1952, as amended, as the I-129 petition is **pending reconsideration and revocation** by United States

8

> Citizenship and Immigration Services (USCIS). Given the pending revocation status of the applicant's petition, we are unable to move forward with the visa application. If Zinan Yang would like to initiate an inquiry into their specific case, please see the USCIS Contact Center website at [] https://www.uscis.gov/contactcenter.

(emphasis added).

33. On January 16, 2024, counsel for Plaintiff's employer emailed the USCIS Vermont Service Center's Premium Processing Unit to inquire as to the status of the case and to inform USCIS that it had not received a notice of return of the petition or any further action such as a notice of intent to revoke.

34. On January 17, 2024 the USCIS Vermont Service Center replied " A review of our electronic systems shows that your case was approved on April 17, 2023. This mailbox is for pending premium processing cases only. As your case is no longer premium processing, please contact the USCIS Contact Center at 1-800-375-5283 or 1-800-767-1833".

35. On January 17, 2024, counsel for Plaintiff's employer called USCIS as instructed but did not receive a substantive update.

36. The most recent H-1B extension petition filed by Plaintiff's employer on his behalf, receipt number IOE8664224982, currently remains approved. As of April 18, 2024, the H-1B petition's case status on the USCIS website displays as "Case Approved" with the following explanation: "On April 18, 2023, we approved your Form I-129, Petition for a Nonimmigrant Worker, Receipt Number IOE8664224982, and sent you an approval notice."

37. Despite Plaintiff's repeated follow ups, individually, through his employer, through counsel, and through Congressman Connolly, USCIS has failed to re-adjudicate the H-1B petition. Contrary to its own procedures and the governing regulations set forth above, USCIS has not issued a notice of intent to revoke to allow the petitioner to provide evidence in support of the petition and respond to or refute perceived issues.

9

38.     Plaintiff has exhausted all administrative options for catalyzing action from USCIS on a process it is congressionally mandated to complete in a reasonable and timely manner.

39.     As a result of the delay in re-adjudicating the H-1B petition, Plaintiff has incurred unnecessary expenses paying a mortgage in the United States for a home to which he cannot return. Plaintiff has also been required to pay for living arrangements in China, a country which he had not resided in since moving to the United States in 2012 to attend a U.S. university. Plaintiff has been separated from his wife and nearly all of his belongings for more than eight-and-a-half months, as he is not permitted to return to the United States without a valid visa. This extended period of separation and limited access to his possessions has added complexity and difficulty to Plaintiff's daily life and routines.

## CLAIMS FOR RELIEF

### Administrative Procedure Act

40.     Plaintiff incorporates paragraphs 1 to 39 as if fully stated herein.

41.     The Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1), provides the Court with authority to compel agency action when unreasonably delayed.

42.     It is unreasonable for Plaintiff to continue awaiting re-adjudication of the H-1B petition due solely to the long-standing nature of USCIS adjudication delays.

43.     Defendants have unreasonably failed to re-adjudicate the H-1B petition since it was returned to USCIS in or around October 2023.

44.     Defendants' failure to re-adjudicate the H-1B petition violates 8 C.F.R. § 214.2(h)(11), which provides for one of three adjudicatory actions in this circumstance: (1) reaffirming prior approval of the H-1B petition; (2) automatically revoking the H-1B petition; or

10

(3) issuing a notice of intent to revoke the H-1B petition based on information in the consular return memorandum.

## **Mandamus Act**

45.          Plaintiff incorporates paragraphs 1 to 39 as if fully stated herein.

46.          The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

47.          Plaintiff has a clear right to the relief requested.

48.          Defendants have a clear duty to perform the act in question—to re-adjudicate the H-1B petition in a reasonable time under the circumstances.

49.          No other adequate remedy is available.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court

50.          Assume jurisdiction over this action;

51.          Compel Defendants to immediately re-adjudicate the H-1B petition; and

52.          Award such further relief as the Court deems necessary or proper.

Respectfully submitted,

April 23, 2024

/s/ Matthew J. Sharbaugh
Matthew J. Sharbaugh (VSB No. 91219)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, D.C. 20004-2541
Telephone: (202) 739-5623
Facsimile: (202) 739-3001
matthew.sharbaugh@morganlewis.com

*Attorneys for Plaintiff*